IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv148
3:03cr199
3:05cr89

| | |
|---|---|
| ANTONIO MARTINELLE RANDOLPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 1), Memorandum (Doc. No. 2), and Supplemental Motions (Doc. Nos. 4 and 5).

I.  BACKGROUND

On November 18, 2003, Petitioner was indicted for narcotics and firearms offenses. (Case No. 3:03cr199: Doc. No. 5). The Government filed a 21 U.S.C. § 851 notice alleging two prior felony drug convictions. (Id., Doc. Nos. 9, 11).[1] On April 1, 2005, Petitioner filed a Plea Agreement (Id., Doc. No. 43) in which he agreed to plead guilty to Counts Three and Four of the Third Superseding Indictment in Case No. 3:03cr199 (Id., Doc. No. 36). Count Three alleged that he possessed with intent to distribute between five and twenty grams of cocaine base, in violation of 21 U.S.C. § 841, and Count Four alleged that he "did knowingly and unlawfully use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess said firearm,"

---

[1]  It appears that the same document was filed twice.

in violation of 18 U.S.C. § 924(c)(1). (Id., Doc. No. 36: Indictment at 2). Petitioner acknowledged that Count Three carried between ten years' and life imprisonment, while Count Four added five years' to life imprisonment consecutive to any other sentence. (Id., Doc. No. 43: Plea Agreement at ¶ 5).

The Plea Agreement also included Petitioner's agreement to plead guilty to Counts One, Two, and Three in a Bill of Information in Case No. 3:05cr89. (Id.).[2] Those charges related to a mortgage fraud scheme, with Count One charging a conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371; Count Two charging mail fraud, in violation of 18 U.S.C. § 1341 and 2; and Count Three charging conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Case No. 3:05cr89, Doc. No. 1: Information at 2-3). In the Plea Agreement, Petitioner stipulated that the loss amount was between $400,000 to $1,000,000, with more than ten, but fewer than fifty victims. (Case No. 3:03cr199: Doc. No. 43 at ¶ 8).

During a plea and Rule 11 hearing on April 4, 2005, a magistrate judge questioned Petitioner at length to ensure that his guilty plea was intelligent and voluntary. The magistrate judge informed Petitioner that he would receive a mandatory minimum sentence of ten years on the drug charge and a consecutive mandatory minimum sentence of five years on the gun charge as a result of his plea. (Case No. 3:03cr199, Doc. No. 52: Plea Hr'g Tr. at 20-21). Petitioner acknowledged under oath that he understood the charges, penalties, and the consequences of his plea. (Id.). Petitioner admitted he was in fact guilty of the charges in the indictment and information. (Id. at 23). The Government summarized the essential terms of the Plea Agreement, including the penalties, drug quantity, and fraud loss amount, and the Court

---

[2] For convenience in citation, the duplicate documents in Case No. 3:05cr89 will not be referenced.

confirmed that Petitioner understood the Plea Agreement's appeal and collateral review waivers. (Id. at 24-29). Petitioner affirmed that he understood the terms of the Plea Agreement and that he had enough time to discuss the agreement with his attorney. (Id. at 11-12). Petitioner denied being threatened or forced to sign the agreement, and indicated that no one made promises of leniency to him and that he was satisfied with the services of his attorney. (Id. at 12). The magistrate judge found that Petitioner's plea was knowingly and freely made and accepted his plea. (Id. at 14; Doc. No. 44: Entry and Acceptance of Guilty Plea).

On April 2, 2007, this Court sentenced Petitioner pursuant to the mandatory minimums for a total of 180 months' imprisonment and entered Judgment on May 23, 2007. (Case No. 3:03cr199: Doc. No. 49). Petitioner did not appeal his conviction and sentence.

On April 4, 2008, Petitioner timely filed the instant Motion to Vacate. (Doc. No. 1). Petitioner alleges that he received ineffective assistance of counsel because his counsel: (1) failed to challenge the imposition of a consecutive sentence under § 924(c)(1) instead of applying a weapon enhancement under the United States Sentencing Guidelines (USSG); (2) failed to challenge the allegation that he "used" a firearm found under a car seat; (3) failed to challenge the loss amount based on new information; and (4) failed to challenge the § 851 notices.

On January 5, 2009, Petitioner filed amendments to his Motion to Vacate. (Doc. No. 4). Petitioner added allegations that his counsel was ineffective because he: (1) failed to challenge a previous conviction as being too old to affect his criminal history category; (2) failed to challenge the Court's imposition of a sentence allegedly greater than necessary to achieve the purposes of sentencing detailed in 18 U.S.C. 3553(a); and (3) failed to appeal the Court's determination of the loss amount, not admitted by him or found by a jury. (Id.). Then on June

30, 2009, Petitioner again filed amendments to his Motion to Vacate. (Doc. No. 6). He expanded on his original objections to being sentenced under § 924(c)(1), rather than receiving a weapon enhancement under the USSG. (Id. at 1-3).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that he is not entitled to relief on any of his § 2255 claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). After reviewing Petitioner's Motion to Vacate and the pertinent record evidence, the Court finds that the record conclusively shows that Petitioner is not entitled to any relief on his claims.

III.    DISCUSSION

A.      Original Motion to Vacate

Petitioner frames his four original claims as ineffective assistance of counsel. (Doc. No. 1: Motion at 5-9). To establish such claims, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). As movant, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

4

To prove Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If challenging the validity of his guilty plea, a petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). If challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

1. Sentence for § 924(c)(1) Violation

Although Petitioner pled guilty to a violation of 18 U.S.C. § 924(c)(1) (Case No. 3:03cr199, Doc. No. 36: Superseding Indictment at 2; Doc. No. 43: Plea Agreement at 2), he alleges that his counsel was ineffective for failing to challenge the imposition of the consecutive sentence called for by that statute. Petitioner contends that the two-level weapon enhancement from USSG §2D1.1 should have been used instead. Petitioner's claim is incorrect as a matter of law; therefore, his sentence would not have been more lenient if counsel had acted as suggested.

The guideline applicable to a § 924(c)(1) violation is USSG §2K2.4. USSG Appendix A. It provides that the guideline range for that offense is the mandatory minimum sentence required by statute. USSG §2K2.4(b). In the circumstances of this case, the mandatory minimum sentence was five years' imprisonment consecutive to any other term of imprisonment, 18

5

U.S.C. § 924(c)(1)(A)(i) and (D), which was imposed by the Court (Case No. 3:03cr199, Doc. No. 49: Judgment at 2). Additionally, because Petitioner was sentenced in conjunction with an underlying drug offense (Case No. 3:03cr199, Doc. No. 36: Superseding Indictment at 2; Doc. No. 43: Plea Agreement at 1), the Court was prohibited from applying the weapon enhancement from §2D1.1. USSG §2K2.4 comment. (n. 4). Thus, the record conclusively shows that Petitioner is not entitled to relief on the claim that his counsel was ineffective for not challenging the § 924(c)(1) sentence.

2. Conviction for § 924(c)(1) Violation

Next, Petitioner alleges that his attorney was ineffective for failing to challenge his conviction for "using" a firearm found under his car seat, in violation of 18 U.S.C. § 924(c)(1). (Doc. No. 1: Motion at 6). Petitioner's argument is mistaken because the indictment also alleged that he "carried" the firearm[3] and he pled guilty to that offense. (Case No. 3:03cr199, Doc. No. 36: Superseding Indictment at 2; Doc. No. 43: Plea Agreement at 2; Doc. No. 44: Entry and Acceptance of Guilty Plea). Thus, under the facts admitted at the plea and sentencing hearings, and alleged in the Motion to Vacate, Petitioner's conduct was punishable under § 924(c)(1). See United States v. Muscarello, 524 U.S. 125, 131 (1998) (knowing possession of a firearm in a locked trunk satisfies the "carry" prong of § 924(c)(1)); and United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997) (affirming conviction under "carry" prong based on firearm carried between seats of vehicle). Consequently, the record conclusively shows that Petitioner is not

---

[3] Title 18, United States Code, Section 924(c)(1)(A) applies when a person "uses or carries" a firearm during and in relation to a drug trafficking crime. It is well-settled law that a conjunctive indictment permits disjunctive consideration of guilt, and the proof of either prong charged in a conjunctive indictment will support a conviction. United States v. Champion, 387 F.2d 561, 563 (4th Cir. 1967).

6

entitled to relief on the claim that his counsel was ineffective for failing to challenge his § 924(c)(1) conviction.

### 3. Loss Amount

Petitioner alleges that his counsel was ineffective for failing to challenge the loss amount in the Presentence Report (PSR) based on information presented at the sentencing hearing regarding restitution. (Doc. No. 1: Motion at 8). In his Plea Agreement, Petitioner stipulated that the loss amount for the mortgage fraud scheme known to or reasonably foreseeable by him was more than $400,000 and less than $1,000,000. (Case No. 3:03cr199, Doc. No. 43: Plea Agreement at ¶ 8(b)). During the sentencing hearing, the Government informed the Court that several victim mortgage companies had not responded to inquiries about restitution, but that two banks had submitted documentation totaling $131,911.22 owed in restitution. (Id., Doc. No. 53: Sent. Hr'g Tr. at 14-18).

Petitioner's argument that counsel should have argued for a lesser sentence based on the restitution amount is mistaken. The determination of intended losses relevant to the offense level and proper sentence presents a different question from the determination of actual losses relevant to an order of restitution. United States v. Newsome, 322 F.3d 328, 338-39 (4th Cir. 2003); United States v. Hembry-Brown, 233 F. App'x 328, 329-30 (4th Cir. 2007) ("Different standards and different considerations govern the determination of intended loss for determination of the Sentencing Guidelines range and actual loss for purposes of restitution."). Petitioner has not shown any reason to believe that the intended loss triggering the guideline calculation was limited to the two banks which submitted documentation to establish actual loss owed in restitution. Consequently, the record conclusively shows that Petitioner is not entitled to relief on the claim that the sentence would have been more lenient if counsel had argued as suggested regarding the loss amount.

4.      § 851 Notices

The last claim in the original Motion to Vacate is that counsel was ineffective for failing to challenge the 21 U.S.C. § 851 notices which detailed prior convictions not alleged in the indictment. (Doc. No. 1 at 9-10). Petitioner's argument is without merit. A defendant has no right to a jury determination of a prior conviction. United States v. Dean, 604 F.3d 169, 172 (4th Cir. 2010) (citing United States v. Booker, 543 U.S. 220, 231 (2005)). Thus, a court may constitutionally apply the procedures in § 851 to enhance a sentence. United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006). Petitioner does not allege any deficiency that counsel would have found in examining the files relating to his prior convictions. Therefore, the Court finds that the record conclusively shows that Petitioner is not entitled to relief on this claim.

B.      January Amendments

On or about January 5, 2009, Petitioner filed a supplemental motion seeking to amend his § 2255 Motion to Vacate.[4] (Doc. No. 4). He added claims that his counsel was ineffective because he: (1) failed to object to a conviction allegedly too old to count under the USSG; (2) failed to raise Petitioner's rights under the "parsimony provision" in 18 U.S.C. § 3553(a); and (3) failed to appeal the determination of restitution by the Court, rather than by a jury. (Id. at 1-3).

1.      Prior Conviction

Petitioner's contends that a 1981 second degree murder conviction, for which he was reportedly released in July 1988, was too old to count under USSG §4A1.1 comment. (n. 1)

---

[4] Although the additional claims could be considered untimely, the Court will address their merits because Petitioner was not issued notice pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

(counting convictions where incarceration extended to within fifteen years of commencement of instant offense). (Doc. No. 4: Supplemental Motion at 1). Petitioner's reliance on the date of his drug trafficking and firearm offenses (November 3, 2003), as the commencement date for the instant offense is misplaced. The mortgage fraud activity, to which he also pled guilty, began in or about June 2000 (Case No. 3:05cr89, Doc. No. 1: Information at 2), which is within fifteen years of his release on the challenged conviction. Accordingly, the record conclusively shows that Petitioner is not entitled to relief on the claim that counsel was ineffective for not objecting to the PSR on this basis.

### 2. Parsimony Provision

Petitioner's next argument from the Supplemental Motion is that his counsel was ineffective for failing to raise the "parsimony provision" from 18 U.S.C. § 3553(a), which states that a court must impose a sentence that is "sufficient, but not greater than necessary." (Doc. No. 4 at 2). The Court specifically stated that 180 months was "sufficient but not greater than necessary to accomplish the sentencing objectives of 18, United States Code, Section 3553(a)." (Case No. 3:03cr199, Doc. No. 53: Sent. Hr'g Tr. at 12). Petitioner has not shown that the Court's determination would have been different had counsel invoked the suggested provision.[5] Therefore, the record conclusively shows that Petitioner is not entitled to relief on this issue.

### 3. Loss Amount

Petitioner's final argument from the Supplemental Motion is that his counsel was ineffective for failing to appeal the Court's determination of restitution, rather than submitting

---

[5] In fact, counsel rightly acknowledged that the Court lacked discretion to impose a sentence lower than the mandatory minimums of 120 months for the drug trafficking offense and 60 consecutive months for the firearm offense. (Case No. 3:03cr199, Doc. No. 53: Sent. Hr'g Tr. at 5-6).

the issue to a jury. (Doc. No. 4 at 3). Title 18, United States Code, Section 3664(e) provides that any dispute about the proper amount of restitution must be resolved by the court by preponderance of evidence. Petitioner has not shown that any court has found or would find that procedure violates the Constitution. Thus, the record conclusively shows that Petitioner is not entitled to relief on this issue because counsel's performance was objectively reasonable.

    C.    June Amendment

Finally, on or about June 30, 2009, Petitioner filed another Supplemental Motion. (Doc. No. 6). This pleading does not allege any new claim, but "further expounds" on Petitioner's argument that he should not have been sentenced under 18 U.S.C. § 924(c)(1). (Id. at 1). The Supreme Court recently foreclosed Petitioner's interpretation of § 924(c)'s "except clause" as prohibiting the imposition of a consecutive mandatory minimum sentence. See Abbott v. United States, 131 S. Ct. 18 (2010) (defendant subject to consecutive sentence for firearm despite higher mandatory minimum sentence for separate count of conviction). Therefore, the record conclusively shows that Petitioner is not entitled to relief on this issue.

    III.    CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate, Memorandum, Supplemental Motions, and the relevant record evidence conclusively shows that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED**;

2.    Petitioner's Motion to Compel (Doc. No. 3) and Motion for Default Judgment (Doc. No. 4) are **DENIED** as moot; and

3.	Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: June 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge