**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:08cv148**
**3:03cv199**
**3:05cr89**


ANTONIO MARTINELLE RANDOLPH,)
                                 )
       **Petitioner,**          )
                                 )
       **v.**                )          **O R D E R**
                                 )
**UNITED STATES OF AMERICA,** )
       **Respondent.**      )
_____)

      **THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration and Motion for Extension of Time to File Motion for Reconsideration. (Doc. Nos. 11 and 12). For the reasons stated herein, the Petitioner's Motion for Reconsideration will be dismissed and Petitioner's Motion for Additional Time will be denied.

## I. Procedural History

      Petitioner pled guilty to narcotics, firearms, mail fraud and money laundering counts and was sentenced to a total term of 180 months' imprisonment. (Case No. 3:03cr199: Doc. No. 49). Petitioner did not appeal his conviction and sentence. On April 4, 2008, Petitioner filed a Motion to Vacate in which he argued that he received ineffective assistance of counsel because his counsel: (1) failed to challenge the imposition of a consecutive sentence under § 924(c) instead of applying a weapon enhancement under the United States Sentencing Guidelines; (2) failed to challenge the allegation that he "used" a firearm found under a car seat; (3) failed to challenge the loss amount based on new information; and (4) failed to challenge the § 851 notices. On January 5, 2009, Petitioner filed amendments to his Motion to Vacate. (Doc. No. 4). Petitioner added allegations that

1

his counsel was ineffective because he : (1) failed to challenge a previous conviction as being too old to affect his criminal history; (2) failed to challenge the Court's imposition of a sentence allegedly greater than necessary to achieve the purposes of sentencing detailed in 18 U.S.C. § 3553(a); and (3) failed to appeal the Court's determination of the loss amount, not admitted by him or found by a jury. (Id.). On June 30, 2009, Petitioner again filed amendments to his Motion to Vacate. (Doc. No. 6). Petitioner expanded on his original objections to being sentenced under § 924(c)(1), rather than receiving a weapon enhancement under the USSG. (Id. at 1-3). In an Order dated June 1, 2011, the Court considered all of Petitioner's claims and denied his Motion to Vacate. (Doc. No. 9). As of the date of this Order, Petitioner has not filed a notice of appeal.

On June 24, 2011, Petitioner filed the instant Motion for Reconsideration in which he seeks to add a claim to his Motion to Vacate seeking to withdraw his plea because the Court did not comply with the requirements of Rule 11. (Doc. No. 11). On June 28, 2011, Petitioner filed a Motion for Additional Time to File a Motion to Reconsider. (Doc. No. 12). Petitioner asks for additional time "to submit his § 2255 motion to bring to light errors that occurred during his sentencing and also to allow for justice to be properly served." (Id.).

## II. Analysis

In his Motion for Reconsideration, Petitioner seeks to add a claim to his "pending" Motion to Vacate. (Doc. No. 11). Petitioner contends that the requirements of Federal Rule of Criminal Procedure 11(c) were not complied with during his Plea and Rule 11 hearing and seeks to have this Court consider this new claim.

First, Petitioner's Motion to Vacate is no longer pending as this Court issued an Order denying his Motion to Vacate on June 1, 2011. (Doc. No. 9). Next, the Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider

from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition, while a motion seeking a remedy for some defect in the collateral review process with generally be deemed a proper motion to reconsider.  Thus a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications."  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).  Further, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available [pursuant to a proper motion for reconsideration] but instead continuing his collateral attack of his conviction or sentence."  Id.  However, an example of a proper motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings.  Id.  (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is not asking the Court to reconsider any part of its Order dismissing his Motion to Vacate.  Instead, Petitioner is clearly continuing to attack his sentence by adding a "brand-new, free-standing allegation,"in which he is seeking to withdraw his plea, and therefore, this Court will construe his Motion as a successive petition.[1]  The Antiterrorism and Effective Death Penalty

---

[1]The Court in Winestock, noted that courts "must not allow prisoners to circumvent [the restrictions on successive petitions] by attaching labels other than 'successive application' to their pleadings." Winestock, 340 F.3d at 203 (quoting Calderon v. Thomason, 523 U.S. 538, 553 (1998).  Instead, "district courts must treat [motions for reconsideration] as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not

Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claim in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

With respect to Petitioner's Motion for Additional Time to File a Motion to Reconsider, Petitioner seeks additional time to "submit his § 2255 motion to bring to light errors that occurred during his sentencing and also to allow for justice to be properly served." (Doc. No. 12 at 1). Motions to Reconsider are governed by the Federal Rules of Civil Procedure which include time limitations for filing such motions as well as the proper basis for filing such motions. Petitioner shall look to those rules for guidance, however, Petitioner's motion for additional time to file such motion is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

(1)     Petitioner's Motion for Reconsideration (Doc. No. 11) is **DISMISSED** because it is a successive petition filed without authorization by the Fourth Circuit Court of Appeals;

(2)     Petitioner's Motion for Extension of Time (Doc. No. 12) is DENIED; and

(3)     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial

---

presented in a prior application. Id. at 206.

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to satisfy § 2253(c), a petition must demonstrate that the dispositive procedural ruling is debatable, and that the petition states a debatable clam of the denial of a constitutional right.).

**SO ORDERED**.

Signed: July 6, 2011

Robert J. Conrad, Jr.
Chief United States District Judge